# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY DARNELL GOWANS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-3345 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, a state prison inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a 1997 conviction for involuntary manslaughter in cause no. 13,300 in the 12th District Court of Grimes County, Texas.

Petitioner filed a prior federal writ application in this Court challenging the same state court conviction. *See Gowans v. Cockrell*, No. H-01-CV-275. In that case, this Court granted the Respondent's motion for summary judgment and denied the prior federal application on the merits. *See id.*, Docket Entry No. 9.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides, in part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be

1

dismissed unless --

    (A) the applicant shows that the claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

There is no allegation or showing that Petitioner has sought or received authorization from the Court of Appeals to proceed in this Court as to any new claims he is raising. This case should be dismissed without prejudice for want of jurisdiction. Accordingly,

It is ORDERED that this action be DISMISSED without prejudice to seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

Where a denial of relief is based on procedural grounds, the petitioner must not

only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001). A certificate of appealability will not issue.

SIGNED at Houston, Texas, on this 30th day of September, 2005.

_____

DAVID HITTNER

United States District Judge